IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL,   No. CIV S-09-0707-CMK-P

    Plaintiff,

  vs.   ORDER

R.K. PROCUNIER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 7).[1]

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

---

[1] Plaintiff's original complaint (Doc. 1) was superceded by the amended complaint, which plaintiff filed as of right under Federal Rule of Civil Procedure 15.

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names various members of the parole board and alleges that at parole consideration hearing in March 1981, March 1982, March 1983, April 1985, March 1986, March 1987, August 1988, September 1990, September 1991, March 1994, September 1996, June 2000, August 2003, and October 2006, defendants failed to execute their duty to fix his prison term. He further alleges that "[t]he PAROLE AUTHORITY failed to state its reasons for refusing and/or failing to set Plaintiff's Primary Term at each and every parole Consideration Board Hearing. . . ." Plaintiff seeks an order directing state officials to set his "primary term . . . proportionate to his individual culpability," and claims that this term must be less than that imposed on a co-defendant.

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

In this case, it is clear that plaintiff does not challenge the conditions of his confinement. Rather, he appears to claim that his sentence is being improperly executed. Such a claim goes to the fact or duration of confinement and, as such, is not cognizable under § 1983. This case should be dismissed without prejudice to plaintiff raising his claims in the context of an action under § 2254.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for failure to state a claim. Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 11-110.

IT IS SO ORDERED.

DATED: April 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE