IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD RUSSELL,                              No. CIV S-09-0707-CMK-P

       Plaintiff,

  vs.                                           ORDER

R.K. PROCUNIER, et al.,

       Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's amended complaint (Doc. 7).[1] Also before the court is plaintiff's request for voluntary dismissal (Doc. 10).

///

///

///

---

[1] Plaintiff's original complaint (Doc. 1) was superceded by the amended complaint, which plaintiff filed as of right under Federal Rule of Civil Procedure 15.

1

On April 15, 2009, the court directed plaintiff to show cause why this action should not be dismissed, without prejudice, for failure to state a cognizable claim under § 1983. In that order, the court stated:

> Plaintiff names various members of the parole board and alleges that at parole consideration hearing in March 1981, March 1982, March 1983, April 1985, March 1986, March 1987, August 1988, September 1990, September 1991, March 1994, September 1996, June 2000, August 2003, and October 2006, defendants failed to execute their duty to fix his prison term. He further alleges that "[t]he PAROLE AUTHORITY failed to state its reasons for refusing and/or failing to set Plaintiff's Primary Term at each and every parole Consideration Board Hearing. . . ." Plaintiff seeks an order directing state officials to set his "primary term . . . proportionate to his individual culpability," and claims that this term must be less than that imposed on a co-defendant.
>
> When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.
>
> In this case, it is clear that plaintiff does not challenge the conditions of his confinement. Rather, he appears to claim that his sentence is being improperly executed. Such a claim goes to the fact or duration of confinement and, as such, is not cognizable under § 1983. This case should be dismissed without prejudice to plaintiff raising his claims in the context of an action under § 2254.

In response to this order, plaintiff filed a request for voluntary dismiss, conceding that he should have raised his claims in a petition under § 2254. Plaintiff also asks the court to vacate the March 19, 2009, order directing monthly payments of the $350.00 statutory filing fee for this civil rights action.

/ / /

/ / /

/ / /

As to plaintiff's request for voluntary dismissal, because no response to the complaint has been filed, leave of court is not required and the action will be dismissed on plaintiff's notice. See Fed. R. Civ. P. 41(a)(1)(A)(I). The court will also vacate the March 19, 2009, order for payment of the $350.00 filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to vacate the payment order is granted;
2. The March 19, 2009, order is vacated;
3. This action is dismissed;
4. The Clerk of the Court is directed to enter judgment of dismissal and close this docket;
5. The Clerk of the Court is directed to serve a copy of this order on the California Department of Corrections and Rehabilitation at 1515 'S' Street, Sacramento, California 95814; and
6. The Clerk of the Court is directed to serve a copy of this order on the Financial Department of the court.

DATED: May 20, 2009

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE